**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID J. BERESOVOY,

      Petitioner - Appellant,

v.

RITA ANDREWS,

      Respondent - Appellee.

No. 97-7126

(D.C. No. 95-CV-362)

(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

    After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    In his 28 U.S.C. § 2254 habeas corpus petition, Petitioner David J. Beresovoy asserts that his Fourteenth Amendment due process rights were violated when the Oklahoma state district court of Muskogee County held his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

parole revocation hearing outside of the twenty days required by Oklahoma statute.  See Okla. Stat. tit. 22, § 991 (1991).  Petitioner further alleges that the state court did not have jurisdiction to rule on the second application to revoke his parole because the court lost jurisdiction due to the alleged violation of the Oklahoma statute.

After careful review of Petitioner's contentions and the record, we are persuaded that Petitioner has failed to make a "'substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.'"  Smith v. Secretary of New Mexico Dep't of Corrections, 50 F.3d 801, 821 (10th Cir. 1995) (quoting Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994)), cert. denied sub nom. Mondragon v. Smith, ___ U.S. ___, 116 S. Ct. 272 (1995).  We therefore deny Petitioner's request for a certificate of probable cause[1] for the reasons stated in the district court's Order Affirming and Adopting Findings and Recommendation of the United States Magistrate Judge filed September 25, 1997.

Petitioner's request for a certificate of probable cause is DENIED, and the

---

[1]Because the habeas corpus petition was filed on August 1, 1995, prior to the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner does not need a certificate of appealability to proceed on appeal.  He must, however, obtain a certificate of probable cause.

appeal is DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge
